AO 91 (Rev. 11/11)  Criminal Complaint

FILED
UNITED STATES DISTRICT COURT
ALBUQUERQUE, NEW MEXICO

APR 2 6 2017

MATTHEW J. DYKMAN
CLERK

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

| United States of America | ) | |
|---|---|---|
| v. | ) | Case No. 17 mj 1039 |
| Ronald J. Martinez | ) | |
| Year of Birth 1974 | ) | |
| Ohkay Owingeh, NM, 87566 | ) | |
| | ) | |
| *Defendant(s)* | | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of __April 20, 2017__ in the county of __Rio Arriba__ in the
State and District of __New Mexico__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 1153, 113(a)(3) | The defendant, an Indian, committed an assault with a dangerous weapon to the person of John Doe, an Indian, while in Indian Country |
| 18 USC 922(g)(1) | The defendant was in unlawful possession of a firearm as a result of being convicted in a court of a crime punishable by imprisonment for a term exceeding one year. |

This criminal complaint is based on these facts:
See attachemnt affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

J.P. Montowine, BIA Special Agent
Printed name and title

Sworn to before me and signed in my presence.

Date: 4-26-17

_____
Judge's signature

City and state: Albuquerque, NM

Kirtan Khalsa, U.S Magistrate Judge
Printed name and title

IN THE UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF NEW MEXICO
Albuquerque, New Mexico

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | Case No: _____ |
| VS. ) | |
| Ronald J. Martinez ) | |
| Year of Birth 1974 ) | |
| SSN xxx-xx-6931 ) | |
| Ohkay Owingeh, NM, 87566 ) | |

**AFFIDAVIT**

I, J.P. MONTOWINE, being duly sworn, depose, and say the following:

1. I am a Special Agent (SA) with the Bureau of Indian Affairs (BIA), Office of Justice Services (OJS, assigned to the Northern Pueblos Agency, in Ohkay Owingeh, New Mexico. My duties are to provide law enforcement services to the Eight Northern Indian Pueblos and other Indian Country Entities within the State of New Mexico. My primary duties are investigating violations of the Major Crimes Act, and Crimes under 18 USC 1153, which occur on the reservations to which I am assigned. I have twenty-~~one~~ (23) total [total 4pm] years of law enforcement experience with two different law enforcement entities. I have been with the Bureau of Indian Affairs, Office of Justice Services for ~~nineteen~~ (2~~0~~) 9pm years. I have completed the Basic Criminal Investigation Course at the Federal Law Enforcement Training Center (FLETC) in Glynco, Georgia and the Basic Police Training with the United States Indian Police Academy at the Federal Law Enforcement Training Center (FLETC) in Artesia, New Mexico. I have extensive in-service and technical training in different aspects of Law Enforcement. Investigations of Assault(s) with a Dangerous Weapon, and Felon(s) in Possession of a Firearm are some of my responsibilities.

2. Because this affidavit is being submitted for the purpose of an Arrest Warrant, I have not included each and every fact known to me concerning this investigation. The information set forth in this affidavit is known to me as a result of my own investigation, or has been communicated to me by other law enforcement officers and/or agents. I have set forth facts I believe are necessary for the issuance of an arrest warrant for **Ronald J. Martinez**, an Indian, for the Assault with a Dangerous Weapon against John Doe, an Indian with the intent to do bodily harm while in Indian Country. In addition, there is probable cause to believe **Martinez** was in possession of a firearm while prohibited to do so since Martinez had been convicted in a court, of a crime which was punishable by imprisonment for a term exceeding one year.

3. On Thursday April 20, 2017, the Ohkay Owingeh Tribal Police Department (OOTPD) responded to a "911" call from a female stating her brother was going to shoot himself and she was fighting with him over a "gun". The responding Police Officer (PO) arrived on scene and found the defendant to be armed with a long, heavy stick. The defendant lunged at the PO with the stick raised in the air and the PO deployed his taser. The initial taser deployment did not subdue **Martinez** who lunged at the officer with his fists in a combative manner. So the officer had to deploy his taser a second time. The defendant was eventually subdued and taken into custody. As a result of the investigation, I have learned the following.

4. The victim of this investigation has been identified as John Doe, an Indian and an enrolled member of the Ohkay Owingeh Indian Tribe. John Doe was employed as a Sergeant (Sgt.) with the Ohkay Owingeh Police Department and was on duty, in uniform displaying his badge of office at the time of the assault.

5. The defendant in this investigation has been identified as **Ronald J. Martinez** (aka Kacy) an adult male, and an Indian. **Ronald J. Martinez** is an enrolled member of the Ohkay Owingeh Indian Tribe. He will be referred to as **Martinez** for the remainder of this affidavit.

6. The location of this incident has been identified as 149 Bupingeh, Ohkay Owingeh, New Mexico. This location is situated within the exterior boundaries of the San Juan Pueblo (Ohkay Owingeh) Indian Land Grant and is "Indian Country" as defined by Federal law.

7. On this same date, I responded to 312 White Swan Road in Ohkay Owingeh, New Mexico. I met with John Doe. John Doe requested BIA/OJS assist with this investigation since it was common knowledge **Martinez** was a convicted felon. John Doe showed me a 12 Gauge shot-gun sitting on the back seat of his police sedan. John Doe said he recovered the shot-gun from the residence identified in paragraph "6" of this affidavit. Jane Doe-1 brought the shot-gun from out of the residence and handed it to John Doe.

8. The firearm has been identified as a single barrel, break open, 12 gauge shot-gun. The shot-gun has an approximate 19" inch barrel length, and an approximate overall length of 34" inches. The shot-gun has a wooden fore grip and a wooden stock. The hand grip on the stock has a piece of leather stitched onto it. The shot-gun is made by the "Mississippi

       Valley Arms Company" and has no identifiable serial number. When the firearm was recovered, it was chambered with one loaded 12 gauge cartridge.

9. I interviewed an adult female, who will be referred to as Jane Doe-1. Jane Doe-1 explained she was at her residence with the same address in paragraph "6." Jane Doe-1 said she was home when **Martinez** suddenly arrived in his "Jeep". Jane Doe-1 said she saw a "rifle" lying across **Martinez's** lap. **Martinez** told Jane Doe-1 he did not want to live any longer and he was going to shoot himself. Jane Doe-1 said she grabbed the shot-gun and they struggled for control of it. Jane Doe-1 was able to take the shot-gun from **Martinez** and hid it in her residence. Jane Doe-1 called "911" after the struggle.

10. Jane Doe-1 said **Martinez** fled on foot to the north side of the village around an abandoned building as John Doe arrived on scene. Jane Doe-1 explained **Martinez** returned and had armed himself with a stick. Jane Doe-1 said **Martinez** squared off and challenged John Doe. Jane Doe-1 witnessed John Doe tase Martinez and took him into custody.

11. Furthermore, I interviewed an adult female who will be referred to as Jane Doe-2. Jane Doe-2 said she was outside her residence which was located northwest of the crime scene. Jane Doe-2 heard a commotion and looked toward its direction. Jane Doe-2 saw a female and a male person struggling for control of a rifle. Jane Doe-2 said her two younger grandchildren were outside with her and she chased them inside. The female was screaming and eventually took control of the rifle. Initially, Jane Doe-2 did not recognize the male person.

12. Jane Doe-2 further explained John Doe arrived on scene and the male person ran around the corner of a building. In addition, Jane Doe-2 said the male person returned and was verbally challenging John Doe and raising his hands in the air. Jane Doe-2 said the male person armed himself with a stick, raised it in the air and advanced toward John Doe. Jane Doe-2 said she heard two pops and realized John Doe tased the male person. Jane Doe-2 said this is when she realized the male person was **Martinez.**

13. I recovered the stick and kept it as evidence. The stick was approximately 44" inches in length overall and resembled a hockey stick. The stick was shaved down of its bark, however about three quarters (3/4) of the bark remained as a handle. The stick is normally used to play a traditional Native American game.

14. On Friday April 21, 2017, I interviewed John Doe about the assault on him. John Doe explained he was on duty as an Ohkay Owingeh Police Officer, in uniform, displaying his badge of office and in his department issued police vehicle.

15. John Doe said he responded to a "911" call of an armed person at the residence identified in paragraph "6". John Doe said as he pulled into the plaza area he saw Jane Doe-1 in a frantic. Jane Doe-1 was hysterically trying to get his attention by gesturing and pointing toward a male person. John Doe immediately recognized the male person to be **Martinez. Martinez** ran toward an abandoned building.

16. John Doe said he recognized **Martinez** was intoxicated and gave him verbal commands to come back. **Martinez** came swiftly toward John Doe's police unit, raised his hands in the air and said, "If you want to get down, we are going to get down hard."

17. **Martinez** went to a truck parked nearby and pulled out the stick described in paragraph "13". John Doe was sitting in his police unit and told **Martinez** to put the stick down. **Martinez** said, "We are going to get down, and we are going to get down hard." John Doe explained **Martinez** raised the stick over his head like a "Professional baseball player" and advanced toward him (John Doe). John Doe said Jane Doe -1 was attempting to stop **Martinez**. John Doe said he felt his life was in danger. In addition, John Doe said he believed **Martinez's** actions put him in a situation to receive an immediate physical assault with the stick.

18. John Doe continued to explain he was trying to grab his taser, which he was wearing on his left hip. John Doe said he had one foot out of his police unit and was trying to push the door open. John Doe said **Martinez** no longer had the stick, however he was advancing toward him (John Doe) with his right hand, fist closed in the air in a threatening manner. John Doe deployed his taser twice and subdued Martinez with no further incident.

19. Through my training and experience, it is my belief a shot-gun manufactured by the Mississippi Valley Arms Company must pass through interstate commerce meeting the definition of a firearm according to 18 USC 921(a)2 and 18 USC 921(a)3

20. I have knowledge **Ronald J. Martinez** is a convicted felon. According to United States District Court records filed on November 21, 2002, **Martinez** was sentenced to a term of imprisonment exceeding more than one year for Assault Resulting in Serious Bodily Injury, Crime on an Indian Reservation, and Discharge of a Firearm during and in Relation to a Violent Crime **(U.S District Court Case Number 1:01-cr-01189-001JCH)**. This makes **Martinez** a felon according to United States Code Title 18 section 922 (g) 1.

21. Based on the above information, I believe probable cause exists to arrest **Ronald J. Martinez** an Indian, for the Assault with a Dangerous Weapon to the person of John Doe, an Indian while in Indian Country in violation of Title 18 USC 1153, and 113(a)(3). In addition, there is probable cause to believe **Ronald J. Martinez**, was in possession of a firearm on or about April 20, 2017 in violation of 18 USC 922(g)1, making it unlawful for anyone who had been imprisoned exceeding one year by a court for a crime. I respectfully request an arrest warrant be issued for **Ronald J. Martinez.**

I swear this information is true to the best of my knowledge and belief.

Respectfully,

*J.P. Montowine*

J.P. Montowine

Special Agent

Bureau of Indian Affairs

Signed before me on this 27th day of April, 2017.

U.S. Magistrate Judge *Kirtan Khalsa*